# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC, § § *Plaintiff,* § § v. § § SKYSTREAM TECHNOLOGIES, LLC, § § *Defendant.* § | Civil Action No. 6:17-cv-00101-RWS Jury Trial Demanded |

## DEFENDANT SKYSTREAM TECHNOLOGIES, LLC'S
## MOTION TO DISMISS FOR IMPROPER VENUE

**BUETHER JOE & CARPENTER, LLC**

Christopher M. Joe
Michael D. Ricketts
1700 Pacific Avenue
Suite 4750
Dallas, Texas 75201
Telephone:   (214) 466-1272
Facsimile:    (214) 635-1828

**ATTORNEYS FOR DEFENDANT
SKYSTREAM TECHNOLOGIES, LLC**

## I. INTRODUCTION

Defendant SkyStream Technologies, LLC ("SkyStream") files this motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. 1406. Due to the recent Supreme Court's decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 581 U.S.\_\_\_\_(2017), venue is not proper in this district. The patent venue statute, 28 U.S.C. § 1400(b), provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." In *TC Heartland*, the Supreme Court abrogated long-established Federal Circuit precedent regarding the meaning of the first test of the patent venue statute, "where the defendant resides." The Supreme Court held that "a domestic corporation 'resides' only in its State of incorporation . . . ." *TC Heartland*, slip op. at 2. Because SkyStream is incorporated in the State of Florida, it does not reside in this judicial district under the first test of the patent venue statute.

Venue is also not proper under the second test of the patent venue statute. At a minimum, SkyStream does not have "a regular and established place of business" in this judicial district. SkyStream also denies that it has committed acts of infringement in this judicial district or elsewhere. SkyStream has no offices in the Eastern District of Texas and does not own or lease offices or real property in the Eastern District of Texas. Because SkyStream does not have a "regular and established place of business" in this judicial district, the second test of the patent venue statute is also not met.

For these reasons, SkyStream requests that the Court dismiss this case for improper venue.

## II.    STATEMENT OF THE ISSUES

1. Does SkyStream reside in the Eastern District of Texas?

2. Does SkyStream have a regular and established place of business in the Eastern District of Texas?

3. Should the Court dismiss this case due to improper venue based upon the Supreme Court's recent decision in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 28 U.S.C. § 1400(b), and FED. R. CIV. P. 12(b)(3)?

## III.    FACTUAL BACKGROUND

### A.    SkyStream Is Incorporated in Florida.

SkyStream is incorporated in Florida. *See* Exhibit A, Declaration of Philip Lelle, Lelle Decl. ¶ 2.

Blue Spike has affirmatively pleaded this fact in its Complaint. Dkt. No. 1 at 2-3 ("… SkyStream Technologies, LLC is a company organized and existing under the laws of Florida….").

### B.    SkyStream's Only Regular and Established Place of Business Is in Florida.

SkyStream is headquartered in Winter Springs, Seminole County, Florida, which is located in the Middle District of Florida (Orlando Division). Lelle Decl. ¶ 3. This is SkyStream's only office location in the United States. *Id*. ¶ 4.

Blue Spike has affirmatively pleaded this fact in its Complaint. Dkt. No. 1 at 2-3 (… "with a principal place of business at 1001 Town Plaza Court, Suite 1024, Winter Springs, Florida 32708").

### C. SkyStream Does Not Have a Regular or Established Place of Business in the Eastern District of Texas.

SkyStream does not have a regular or established place of business in the Eastern District of Texas. Lelle Decl. ¶ 5. SkyStream does not lease or own any office or real property in the Eastern District of Texas. *Id.* ¶ 5. SkyStream has never leased or owned any offices or real property in the Eastern District of Texas. *Id.* ¶ 6.

### IV. ARGUMENT

SkyStream moves to dismiss this case for improper venue under FED. R. CIV. P. 12(b)(3) and 28 U.S.C. § 1406.

### A. The Supreme Court Abrogated Nearly Three Decades of Federal Circuit Law on Venue.

The first section of the patent venue statute provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides . . . ." 28 U.S.C. § 1400(b). In *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990), the Federal Circuit held:

> [T]he first test for venue under § 1400(b) with respect to a defendant that is a corporation, in light of the 1988 amendment to § 1391(c), is whether the defendant was subject to personal jurisdiction in the district of suit at the time the action was commenced. 28 U.S.C. §§ 1391(c) & 1400(b) (1988).

*VE Holding*, 917 F.2d at 1584. Thus, a corporate defendant was found to reside wherever it was "subject to personal jurisdiction," a broad test for establishing venue. *Id.* This decision was cited for decades by both courts and litigants.

In the recently issued *TC Heartland* decision, the Supreme Court abrogated this Federal Circuit precedent. The Supreme Court dramatically narrowed the scope of the first test of the patent venue statute, holding that "a domestic corporation 'resides' only in its State of incorporation . . .." *TC Heartland*, slip op. at 2. The Supreme Court "rejected the argument that

§ 1400(b) incorporates the broader definition of corporate 'residence' contained in the general venue statute, 28 U.S.C. § 1391(c)." *Id.*, slip op. at 1 (citing *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 228 (1957)). This decision abrogated nearly three decades of Federal Circuit and district court law since *VE Holding*.

> **B.  On Its Face, Blue Spike's Complaint Is Insufficient to Establish Venue Under *TC Heartland* and 28 U.S.C. § 1400(b).**

In its complaint, Blue Spike alleges, among other things, that "[v]enue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b)…." Dkt. No. 1 at 4. However, on its face, this allegation does not suffice to establish venue under *either* test of the patent venue statute.

> **1.  Blue Spike's Allegations Are Insufficient to Establish that SkyStream "Resides" in the Eastern District of Texas.**

*TC Heartland* is now controlling law. Thus, in order to establish venue in this judicial district under the first test of the patent venue statute ("where the defendant resides"), a defendant domestic corporation (such as SkyStream) must be incorporated in Texas. *TC Heartland*, slip op. at 2 ("a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute").

In its Complaint, Blue Spike pleads that SkyStream is a corporation organized and existing under the laws of the State of Florida. Dkt. No. 1 ¶ 2-3. Thus, on its face, Blue Spike's complaint does not suffice to establish venue under the first test of the patent venue statute.

> **2.  Blue Spike's Allegations Are Insufficient to Establish that SkyStream as a Regular and Established Place of Business in the Eastern District of Texas.**

The second test of the patent venue statute provides that "[a]ny civil action for patent infringement may be brought in the judicial district . . . where the defendant has committed acts of infringement and has *a regular and established place of business*." 28 U.S.C. § 1400(b)

(emphasis added). Thus, for venue to lie in this judicial district under the second test of the patent venue statute, a corporation must have a regular and established place of business in the Eastern District of Texas.

In its complaint, Blue Spike does not plead any facts that suggest that venue is proper under the second test of the patent venue statute ("a regular and established place of business"). *See* Dkt. No. 1 at 3-4. Thus, on its face, Blue Spike's complaint does not suffice to establish venue under the second test of the patent venue statute.

### C. The Evidence Shows That Venue Is Not Proper in This Judicial District.

Even if Blue Spike were to seek leave to amend its complaint to plead the second test of the venue statute ("a regular and established place of business"), the facts show that venue would still be improper in this judicial district.

SkyStream has never had a regular or established place of business in the Eastern District of Texas. Lelle Decl. ¶ 6. SkyStream does not lease or own any office or real property in the Eastern District of Texas. *Id.* ¶ 5. SkyStream has never leased or owned any offices or real property in the Eastern District of Texas. *Id.* ¶ 6.

In order for venue to lie in this judicial district under the second test of the patent venue statute, a domestic corporation must have a regular and established place of business in the judicial district. The evidence shows that SkyStream did not have a regular and established place of business in this judicial district when Blue Spike filed its Complaint and still does not today. Thus, venue is improper in this case. *See, e.g.*, *Blue Spike, LLC v. Texas Instruments, Inc.*, Case No. 6:12-cv-00499-MHS, 2014 WL 11858193 (E.D. Tex. March 18, 2014) (granting motion to dismiss for improper venue where defendant did not reside in the district).

**DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE**            **Page 5**

## V. CONCLUSION

Following the Supreme Court's decision in *TC Heartland*, Blue Spike has no basis to establish venue in this judicial district under the first test of the patent venue statute ("where the defendant resides") because SkyStream is incorporated in Florida – not Texas. Moreover, Blue Spike's Complaint fails to allege, and the facts do not support, a basis to establish venue in this judicial district under the second test of the patent venue statute ("a regular and established place of business") because SkyStream does not have a regular and established place of business in this district. The Court should, therefore, dismiss this case for improper venue.

Dated: May 31, 2017

Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By: */s/ Christopher M. Joe*
Christopher M. Joe
State Bar No. 00787770
Chris.Joe@BJCIPLaw.com
Michael D. Ricketts
State Bar No. 24079208
Mickey.Ricketts@BJCIPLaw.com

1700 Pacific Avenue
Suite 4750
Dallas, Texas 75201
Telephone:   (214) 466-1272
Facsimile:   (214) 635-1828

**ATTORNEYS FOR DEFENDANT**
**SKYSTREAM TECHNOLOGIES, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 31st day of May, 2017. Any other counsel of record will be served by facsimile transmission and first class mail.

*/s/ Christopher M. Joe*
Christopher M. Joe